**UNITED STATES of America,**
**Appellee,**

v.

**Richard Benton FULCHER, Appellant.**

**No. 14181.**

United States Court of Appeals
Sixth Circuit.

April 28, 1961.

Fred Elledge, Jr., U. S. Atty., and Rondal B. Cole, Asst. U. S. Atty., Nashville, Tenn., for appellee.

Ward Hudgins, Nashville, Tenn., for appellant.

Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court overruling a motion to suppress evidence seized as a result of a search of appellant's premises, claimed by the government to be incident to a lawful arrest of appellant. The arrest was made on October 1, 1958. However, the background of the case places the controversy in perspective for better understanding.

On May 26, 1958, agents of the Secret Service, arrested appellant on a charge of counterfeiting, Title 18 U.S.C.A., Sections 471, 472, and searched the basement of his premises by virtue of a valid search warrant. At the time of this first arrest, the officers seized numerous articles that could be used in counterfeiting. When appellant was arrested the second time on October 1, 1958, it was on a lawful warrant of arrest charging conspiracy to counterfeit, 18 U.S.C.A., Section 371. At the time of the second arrest, the officers searched the basement again, and seized numerous articles that could be used in counterfeiting. All of these articles had been seen by the officers at the time of the first arrest, four months previously—except a photographic negative of a one-dollar silver certificate, which was found in the copy frame of a camera in the basement. In passing, it may be said that it was not shown by appellant that any evidence seized at the time of his second arrest

on the warrant charging conspiracy to counterfeit, was introduced against him on the trial. In any event, that consideration is not of controlling importance in this case.

At the time of appellant's first arrest and the execution of the search warrant, ten counterfeit notes were seized and removed from his basement. Photographs of the printing equipment located therein were also made by the officers.

The evidence on the trial disclosed that appellant had previously passed counterfeit money, and that Riadon, a co-conspirator, had possession, in his home, of $72,240 in counterfeit notes of the same type as those found and seized in appellant's basement on the valid search warrant. Riadon, when arrested, also had counterfeit money in his possession.

Appellant's main contentions are that the search and seizure made by the officers at the time of his second arrest were unlawful since the arrest itself was not lawful, as appellant claimed because the officers had gained access to his home by deceit and stealth; that the search and seizure of the articles were not incidental to the arrest, but constituted a general exploratory search of appellant's home; and that the action of the officers, in searching the basement, constituted a violation of appellant's rights prohibiting unlawful search and seizure, under the Fourth Amendment.

While the evidence is in dispute as to the manner of entry of appellant's home by the officers when they served the warrant for his second arrest, the testimony on behalf of the government, by a witness who was an officer, is to the effect that on the day prior to his arrest, appellant had not been at home; that on the day of the arrest, when the officer went to appellant's home, his children answered the door; that the officer then asked them if their father was at home, and they replied "Yes"; that the officer did not recollect whether he had actually stepped into the house but that when he learned appellant was home, he immediately went back to the other officers nearby and told them; and that they, including one of the officers who had the warrant of arrest, then came into the house, arrested appellant, and afterwards searched the basement.

Upon a review of the record and a consideration of the arguments of counsel, we concur in the view of Judge William E. Miller that the search of appellant's basement on October 1, 1958, was a valid search incident to a lawful arrest, and under all the circumstances was reasonable and not in violation of appellant's constitutional rights; and he was not unlawfully prejudiced thereby.

In accordance with the foregoing, the order of the District Court overruling appellant's motion to suppress the evidence, seized as a result of the aforementioned search, is affirmed.